# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
|     Plaintiff | : | No. 1:18-cv-02150 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| STEPHEN C. SHILEY, | : | |
|     Defendant | : | |

## MEMORANDUM

Before the Court is Plaintiff United States of America ("Plaintiff")'s motion for default judgment against Defendant Stephen C. Shiley ("Defendant"). (Doc. No. 11.) Because Defendant has yet to appear or defend in this action, no opposition to the motion has been filed. For the reasons that follow, the Court will grant the motion and enter default judgment in favor of Plaintiff and against Defendant.

**I.  BACKGROUND**

On November 7, 2018, Plaintiff initiated the instant action "to collect the federal income taxes assessed against [Defendant] for tax years 2006, 2007, and 2009 through 2013, and to enforce the corresponding federal tax liens that encumber certain real property located in Cumberland County, Pennsylvania." (Doc. No. 1 at 1.) The complaint alleges that Plaintiff, acting through a delegate of the Secretary of the Treasury, made assessments against Defendant for unpaid federal income taxes from the tax years of 2006, 2007, and 2009-2013, for which the total outstanding balance as of July 9, 2018 is $141,409.74. (Id. ¶ 7.)[1]  Plaintiff asserts that

---

[1] Plaintiff alleges that "[s]tatutory interest and penalties have accrued and will continue to accrue on the unpaid balance of the assessments" described supra. (Doc. No. 1 ¶ 9.) The following table provides the assessments and outstanding balances associated with tax years 2006, 2007, and 2009-2013, as reported in the complaint:

although "[a] delegate of the Secretary of the Treasury gave [Defendant] notice and demand for payment of the [aforementioned] tax assessments," Defendant "has failed to pay the United States the full amount of the assessments and the statutory additions to tax assessed against him." (Id. ¶¶ 8, 10.)

Plaintiff alleges that in July of 2013, the co-executors of the Estate of Barbara L. Shiley conveyed real property located at 205 South Enola Drive in Enola, Cumberland County, Pennsylvania (the "Enola Property") to Defendant. (Id. ¶ 13.) Plaintiff alleges that it filed tax liens reflecting the assessments described supra with the Protonotary of Cumberland County between 2012 and 2017. (Id. ¶ 15.) Plaintiff contends that on the dates of the assessments described supra, "tax liens in favor of the United States arose by operation of law under 26 U.S.C. §§ 6321 and 6322[] and attached to all property and rights to property owned by [Defendant], including the Enola Property" and that it "is entitled to have the tax liens foreclosed, the property sold, and the proceeds from the sale applied to the unpaid balance of [Defendant's] federal income tax liabilities." (Id. ¶¶ 14, 16.)

| Tax Year | Amount of Assessment | Outstanding Balance as of July 9, 2018 |
|---|---|---|
| 2006 | $20,286.00 | $44,987.06 |
| 2007 | $3,133.00 | $5,536.87 |
| 2009 | $6,151.00 | $9,575.76 |
| 2010 | $11,846.00 | $21,565.06 |
| 2011 | $9,090.00 | $16,475.72 |
| 2012 | $13,228.00 | $23,400.99 |
| 2013 | $11,636.10 | $19,868.28 |
| **Total Amount Due** | | $141,409.74 |

(Id. ¶ 7.) Plaintiff includes an updated total amount due of $147,127.94 in its motion for default judgement, which includes "unpaid taxes, penalties, and interest" as of April 8, 2019. (Doc. Nos. 11 at 2, 11-1 at 2.)

A review of the docket reveals that Defendant was served on February 9, 2019, establishing a deadline for Defendant to file an answer to the complaint by March 4, 2019. (Doc. No. 5.) Defendant, however, has not appeared, answered, moved, or otherwise responded to Plaintiff's complaint. Plaintiff filed a request with the Clerk of Court to enter default against Defendant pursuant to Federal Rule of Civil Procedure 55(a) on March 7, 2019 (Doc. No. 8), and the Clerk of Court entered default against Defendant on March 19, 2019 (Doc. No. 10). On May 14, 2019 Plaintiff filed the instant motion for default judgment (Doc. No. 11), accompanied by an affidavit of non-military service (Doc. No. 11-2). Because Defendant has not yet responded to the pending motion for default judgment, the Court deems Plaintiff's motion for default judgment unopposed. Accordingly, the motion is ripe for disposition.

## II. LEGAL STANDARD

Default judgments are governed by a two-step process set forth under Rule 55 of the Federal Rules of Civil Procedure. An entry of default by the Clerk of Court under Rule 55(a) is a prerequisite to a later entry of a default judgment under Rule 55(b). See 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (3d ed. 2007) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."). Once the Clerk of Court has entered a default, the party seeking the default may then move the court to enter a default judgment under Rule 55(b)(2). Entry of default does not entitle a claimant to default judgment as a matter of right. See 10 James Wm. Moore et al., Moore's Federal Practice § 55.31 (Matthew Bender ed. 2010). Indeed, it is well settled that decisions relating to the entry of default judgments are committed to the sound discretion of the district court. See Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987).

Three factors control the exercise of the district court's discretion in assessing whether default judgment should be granted following the entry of default: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)). "A finding that default judgment is appropriate, however, is not the end of the inquiry." Martin v. Nat'l Check Recovery Servs., LLC, No. 12-1230, 2016 WL 3670849, at *1 (M.D. Pa. July 11, 2016). Prior to entering a default judgment, the Court must also determine whether the "unchallenged facts constitute a legitimate cause of action." See Wright, et al., supra, at § 2688; Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd., 555 F. Supp. 2d 537, 541 (E.D. Pa. 2008) ("Consequently, before granting a default judgment, the Court must . . . ascertain whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." (citations omitted)). In conducting this inquiry, "the well-pleaded, factual allegations of the complaint . . . are accepted as true and treated as though they were established by proof." See E. Elec. Corp. of N.J. v. Shoemaker Const. Co., 652 F. Supp. 2d 599, 605 (E.D. Pa. 2009) (citation omitted). While the Court must accept as true the well-pleaded factual allegations of the complaint, the Court need not accept the moving party's factual allegations or legal conclusions relating to the amount of damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

### III. DISCUSSION

Having reviewed the record, including Plaintiff's complaint, motion, and accompanying exhibits and declarations, the Court finds that the entry of default judgment against Defendant and in favor of Plaintiff is appropriate. As an initial matter, the Court observes that Plaintiff's

4

unchallenged allegations in the complaint, taken as true, state legitimate causes of action for reduction of federal income tax assessments to judgment and foreclosure of federal tax liens because Plaintiff has alleged that Defendant owes $147,127.94 in unpaid taxes, interest, and penalties based on federal tax assessments,[2] see United States v. Wunder, No. 16-9452, 2019 WL 2928842, at *3 (D.N.J. July 8, 2019) (quoting United States v. Fior D'Italia, Inc., 536 U.S. 238, 242 (2002)) ("Federal tax assessments are afforded a legal presumption of correctness and 'establish a prima facie case of liability against a taxpayer.'"), and that Plaintiff owns the Enola Property, see United States v. Fitzgerald, No. 17-cv-10322, 2018 WL 3085211, at *3 (D.N.J. June 22, 2018) (citing 26 U.S.C. §§ 6321, 6322; United States v. Rodgers, 461 U.S. 677, 680 (1983)) ("If a taxpayer fails to pay their tax liabilities, a lien in favor of the United States arises on the date the taxes are assessed, and it attaches to all property and rights to property of the taxpayer. The Internal Revenue Code gives the Court authority to order the judicial sale of property in order to satisfy unpaid tax liabilities." (citations omitted)).

Furthermore, the Court finds that the three Chamberlain factors weigh in favor of entering default judgment against Defendant. First, Plaintiff will be prejudiced if the Court declines to enter default judgment because Plaintiff is unable to proceed with the action due to Defendant's failure to respond and has no other means of recovering against Defendant. See Broad. Music, Inc. v. Kujo Long, LLC, No. 14-449, 2014 WL 4059711, at *2 (M.D. Pa. Aug. 14, 2014) ("Plaintiffs will be prejudiced . . . by their current inability to proceed with their action due to [d]efendants' failure to defend."). Second, Defendant has not asserted a meritorious defense to Plaintiff's claims through the filing of an answer or other response to the complaint, or

---

[2] As described supra, while the complaint provides a figure of $141,409.74, which was Defendant's total outstanding balance as of July 9, 2018, Plaintiff's motion for default judgment includes an updated total of $147,127.94, which reflects Defendant's total outstanding balance as of April 8, 2019. (Doc. Nos. 11 at 2, 11-1 at 2.)

through the filing of a response to the instant motion. Consequently, the Court is unable to conclude from Defendant's silence that Defendant has a viable, litigable defense. See Laborers Local Union 158 v. Fred Shaffer Concrete, No.10-1524, 2011 WL 1397107, at *2 (M.D. Pa. Apr. 13, 2011). Third, the Court cannot discern from the record any excuse or justification for Defendant's default apart from Defendant's own culpability. Indeed, Defendant has failed to enter an appearance or file a timely answer to the complaint and has offered no reasons for his failure to do so. "A defendant's default, or its decision not to defend against allegations in a complaint, may be grounds for concluding that the defendant's actions are willful." Innovative Office Prods., Inc. v. Amazon.com, Inc., No. 10–4487, 2012 WL 1466512, at *3 (E.D. Pa. Apr. 26, 2012). In the absence of an excuse or justification for Defendant's failure to participate in this litigation, the Court must conclude that the delay is the result of Defendant's culpable conduct. See Laborers Local Union 158, 2011 WL 1397107, at *2. Accordingly, the Court is satisfied that the Chamberlain factors counsel in favor of entering default judgment in favor of Plaintiff and, therefore, will grant Plaintiff's motion for default judgment.

## IV. CONCLUSION

Based on the foregoing, the Court will grant Plaintiff's motion for default judgment. (Doc. No. 11.) An appropriate Order follows.